UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHANA ARACELY CONTRERAS,

                    Petitioner,                          Case No. 1:26-cv-1264

v.                                                       Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated

this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet.,

ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention

and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241

ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 24, 2026, the Court directed Respondents to show cause, within

three business days, why the writ of habeas corpus and other relief requested by Petitioner should

---

[1] Petitioner was one of thirteen petitioners named in the § 2241 petition. In an order entered on
April 22, 2026, the Court severed the claims of the petitioners into thirteen separate actions. (Order,
ECF No. 4.) Petitioner's claims proceed in the present action.

not be granted. (Order, ECF No. 5.) Respondents filed their response on April 29, 2026, (ECF No. 6), and Petitioner filed her reply on May 11, 2026, (ECF No. 9).

## II.      Factual Background

Petitioner is a native and citizen of Honduras. (Notice to Appear (NTA), ECF No. 6-1, PageID.104.) Petitioner entered the United States on December 10, 2020, at an unknown location without inspection. (*Id*.; Letter from Petitioner, ECF No. 9-3, PageID.142.) On March 27, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (Form I-213, ECF No. 6-2, PageID.108–110.) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 6-1, PageID.104.) Thereafter, Petitioner filed an application for asylum and withholding of removal. (Form I-213, ECF No. 6-2, PageID.111.)

On May 28, 2025, an Immigration Judge at the Cleveland Immigration Court entered an order denying Petitioner's request for a custody redetermination. (May 2025 Order Immigration Judge, ECF No. 6-5, PageID.117.) The Immigration Judge determined that Petitioner was a danger to the community because "[t]here is an Interpol warning for this [Petitioner] who was charged in Honduras with procuring prostitution and illicit trafficking." (*Id*.) The immigration Judge also had "grave concerns that this [Petitioner] is a flight risk with this Interpol warning outstanding while in removal proceedings in the United States." (*Id*.)

On September 4, 2025, an Immigration Judge at the Cleveland Immigration Court entered an order denying Petitioner's application for asylum and withholding of removal and ordered that Petitioner be removed from the United States to Honduras. (Sept. 2025 Order Immigration Judge, ECF No. 6-6, PageID.119–122.) Petitioner filed an appeal of that order with the Board of

Immigration Appeals (BIA), and that appeal remains pending. (Automated Case Information, ECF No. 6-7, PageID.124.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[2] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). There is no indication in the record before the Court that Petitioner is currently scheduled for a hearing in Immigration Court.

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[2] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.7; Reply, ECF No. 9, PageID.132.) Prior to initiating this action, Petitioner had a bond hearing in the Cleveland Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond on May 28, 2025. (May 2025 Order Immigration Judge, ECF No. 6-5.)

Although in the present § 2241 petition, Petitioner argues that her detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the May 2025 bond hearing. (*See generally* Reply, ECF No. 9.) Under these circumstances, because Petitioner received a bond hearing and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[3]

---

[3] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the May 2025 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    May 19, 2026                         /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge